UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACBEL POLYTECH INC., individually and as an assignee of certain claims,

    Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION,

    Defendants.

Civil Action No.: 13-13046-DJC

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, the "Defendants") move for Summary Judgment on all Counts of the Amended Complaint filed by Plaintiff AcBel Polytech Inc. ("AcBel").

In this lawsuit, AcBel seeks to recover for alleged injuries following a redesign of certain microcircuit component parts (the "Voltage Regulators"), but has not named the Voltage Regulators' designer, manufacturer, or distributor as a defendant. AcBel tries to avoid this problem by claiming Defendants are liable for the conduct of independent entities in a lengthy commercial supply chain <u>that did not include either Defendant</u>. The chain starts with Synnex Technology International Corp. ("Synnex"), an independent company with no affiliation with Defendants, and moves through several fully capitalized, completely separate, and independently operating Foreign Subsidiaries.[1] Defendants are not legally responsible for the purported actions of these entities.

---

[1] For ease of reference, this Motion uses the term "Foreign Subsidiaries" to mean Fairchild Semiconductor Technology (Shanghai) Co., Ltd., Fairchild Semiconductor (Suzhou) Co. Ltd., Fairchild Semiconductor Technology

To maintain its case, AcBel must find a way to circumvent the absence of any contractual relationship, any relevant direct dealings, any relevant communications, and – in the case of AcBel's customer EMC Corporation ("EMC") – any relevant relationship whatsoever. As set forth in the accompanying Memorandum, there is no need for a bench trial in this case (there is no jury demand) because:

- The Contractual Warranty Claims[2] fail for lack of privity. Defendants only dealt directly with AcBel long after AcBel purchased the Voltage Regulators from Synnex; such ex post dealings are irrelevant to the privity analysis.

- There is no evidence to rebut the strong presumption of corporate separateness. Defendants did not exercise day-to-day control over the activities of the Foreign Subsidiaries or Synnex, nor did they dominate them with respect to the Voltage Regulators purchased by AcBel. Further, there no basis for piercing the corporate veil because the Foreign Subsidiaries were and are adequately capitalized and able to satisfy their own liabilities.

- The Misrepresentation Claims fail because Defendants – who were uninvolved in the sale at issue here - neither made representations to AcBel or EMC nor had a duty to provide any information AcBel claims they withheld. Moreover, AcBel knew about the Voltage Regulator redesign because Synnex advised AcBel in writing of the precise design change of which AcBel claims it was unaware.

- The economic loss doctrine bars the Design Defect Claims and Failure to Warn Claims, as well as the c. 93A Claims to the extent they are based on negligence. No exception to the economic loss rule applies because the Voltage Regulators did not cause any damage to any person or property.

- The Design Defect Claims and Failure to Warn Claims also fail because: (i) Defendants owed no duty to AcBel or EMC because Defendants did not manufacture, sell, or distribute the Voltage Regulators; (ii) neither EMC nor AcBel suffered any physical harm; and (iii) there was no negligence because the Voltage Regulators passed all industry-standard testing prior to sale.

- The c. 93A Claims fail because the allegedly deceptive conduct at issue did not occur in Massachusetts. While AcBel claims its injury occurred in the Commonwealth, the

---

(Beijing) Co., Ltd., Fairchild Korea Semiconductor Ltd., Fairchild Semiconductor Pte. Ltd., and Fairchild Semiconductor Hong Kong Ltd., collectively.

[2] This Motion groups AcBel's claims in the same manner as the Court's Order on Defendants' Motion to Dismiss (the "Order," Docket Entry # 43) using the following terminology: (a) the "Contractual Warranty Claims," Counts 1-2 and 12-13; (b) the "Misrepresentation Claims," Counts 3-5; (c) the "Design Defect Claims," Counts 6-7 and 14-15; (d) the "Failure to Warn Claims," Counts 8-9 and 16-17; and the "c. 93A Claims," Counts 10 and 18. See Order at 5.

Supreme Judicial Court has clarified that situs of injury is irrelevant to the 93A analysis. The c. 93A Claims also fail because Defendants did not engage in a commercial transaction with AcBel or EMC.

For these reasons, and the reasons set forth in the accompanying Memorandum, the Court should enter summary judgment in favor of Defendants on all counts.

|  |  |
|---|---|
| Dated: May 9, 2016 | Respectfully submitted,<br><br>Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation<br><br>By their attorneys,<br><br>/s/ Matthew J. Iverson<br>Matthew J. Iverson (BBO No. 653880)<br>Matthew H. Farmer (BBO No. 684771)<br>DLA PIPER LLP (US)<br>33 Arch Street, 26th Floor<br>Boston, MA  02110-1447<br>Telephone:     617.406.6000<br>Facsimile:      617.406.6100<br>matthew.iverson@dlapiper.com<br>matthew.farmer@dlapiper.com<br><br>Jeffrey A. Rosenfeld (CA Bar No. 136896)<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA 90067-4704<br>Tel. 310.595.3000 |

## CERTIFICATE OF SERVICE

I, Matthew J. Iverson, hereby certify that a true copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent by first-class mail to those indicated as non-registered participants on May 9, 2016.

/s/ Matthew J. Iverson