UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACBEL POLYTECH INC., individually and as an assignee of certain claims, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:13-cv-13046-IT |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

December 24, 2019

TALWANI, D.J.

Before the court is Plaintiff AcBel Polytech Inc.'s Motion in Limine [#431]. Plaintiff asks the court to preclude Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") from 1) offering evidence or arguing that Fairchild did not manufacture or sell the shrunk-die KA7805 voltage regulators at issue in this case, and 2) offering evidence or arguing there is a limited warranty that applies to AcBel's claims. AcBel also seeks to prevent Fairchild from conducting discovery on these two issues. For the following reasons, the Motion in Limine [#431] is ALLOWED.

I.     Procedural History

Plaintiff AcBel Polytech Inc. ("AcBel") asserted several claims against Fairchild, alleging that Fairchild's KA7805 voltage regulators ("KA7805s") failed, causing AcBel's power supply units to fail and therefore causing economic injury to AcBel and its assignee, EMC Corp. ("EMC"). Judge Casper presided over the case initially. Following bench trial, the court

determined that Synnex Technology International and Synnex Electronics Hong Kong Ltd. ("Synnex"), the companies that sold AcBel the KA7805s, was Fairchild's agent. AcBel Polytech Inc. v. Fairchild Semiconductor Int'l, Inc., 2017 WL 6625036 at *9-10 (D. Mass. Dec. 12, 2017).[1] The trial court also held that AcBel did not waive any implied warranties as to the KA7805s. Id. at *11.

Resolving other issues in Fairchild's favor, the court entered judgment for Fairchild on the implied warranty claims. Id. at *12. AcBel appealed. Notice of Appeal [#372]. On appeal, Fairchild did not challenge the trial court's holding as to its relationship with Synnex, AcBel Polytech Inc. v. Fairchild Semiconductor Int'l, Inc., 928 F.3d 110, 116, n.6 (1st Cir. 2019), nor the holding on the limited warranty issue. The First Circuit reversed the trial court on grounds unrelated to these two issues and remanded the case for unrelated discovery and a new trial. See id. at 121.

II.     Analysis

Fairchild argues it should be allowed to reopen the issues of Synnex's apparent authority and a limited warranty because: 1) the First Circuit did not address either Synnex's relationship with Fairchild or the limited warranty issue, and 2) new evidence exists as to the Synnex's agency relationship with Fairchild. The court considers each in turn.

A) Law of the Case Doctrine

The law of the case doctrine "contemplates that a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case through the litigation." Negron-

---

[1] The trial court also held that Fairchild's subsidiaries were its agents for liability purposes. Id. at *9. Fairchild challenged this holding in its cross-appeal and the First Circuit upheld the trial court's determination. AcBel Polytech Inc. v. Fairchild Semiconductor Int'l, Inc., 928 F.3d 110, 116-17 (1st Cir. 2019).

2

Almeda v. Santiago, 579 F.3d 45, 50 (1st Cir. 2009). "Unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." Latin Am. Music Co. Inc. v. Media Power Grp., Inc., 705 F.3d 34, 40 (1st Cir. 2013). The law of the case doctrine serves important principles, including "stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991).

Here, Judge Casper held that Synnex acted on apparent authority and therefore was Fairchild's agent when selling the KA7805s to AcBel. 2017 WL 6625036 at *10. The court also held that there was no limited warranty between AcBel and Fairchild. Id. at *11. These findings are the law of the case. It makes no difference that the First Circuit reversed the trial court on unrelated issues – on remand, this court continues moving forward on the undisturbed decisions from the original trial court. Unless an exception applies, this court will not disturb the prior holdings, nor allow reopened discovery on the subjects.

Fairchild is correct that it did not waive its right to challenge the district court's determination of these issues by not raising them during AcBel's appeal. The proper forum for reviewing the trial court's decisions on these issues, however, is before the First Circuit if AcBel prevails, and not in this court. Ms. S. v. Reg'l Sch. Unit 72, 916 F.3d 41, 47 (1st Cir. 2019). See also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) ("[A] district court's adherence to law of the case cannot insulate an issue from appellate review").

B) New Evidence Exception

Fairchild argues that it believes two witnesses – Synnex employees Sunny Peng and Tony Hsieh – have new evidence that will show that Synnex did not in fact have an agency

3

relationship with Fairchild and therefore, this court should allow reopened discovery and re-litigation on the agency question.[2]

"[A]s a rule, courts should be loathe" to revisit prior decisions of a coordinate court "in the absence of extraordinary circumstances." Christianson, 486 U.S. at 817. Within this narrow frame, courts have held that the law of the case can be set aside if a party "proffer[s] significant new evidence, not earlier obtainable in the exercise of due diligence." United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993).

The language from Bell and other decisions closely tracks the standard for when a final judgment can be reopened pursuant to Fed. R. Civ. P. 60(b)(2) based on the presentation of new evidence. The court finds the analogy apt, especially in this case where the issues raised in the instant motion were decided by Judge Casper at the conclusion of a bench trial in which both sides were afforded the opportunity to fully litigate them. In the context of Rule 60, unsettling a final judgment is only allowed if the new evidence was not available previously despite the exercise of due diligence and when the evidence is of such a nature that it could probably change the result. Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998).

Here, Fairchild knew of the two Synnex employees during the original trial and knew that, as Synnex representatives at meetings between Synnex, AcBel, and Fairchild, they might have relevant information about their company's relationship with both AcBel and Fairchild. See Ex. C – Email from December 23, 2010 (Cho Aff.) [#433-3]. Fairchild also fully litigated the question of Fairchild's agency relationship with Synnex – and AcBel's perception of Fairchild's agency relationship with Synnex. See Mem. in Support of Defs.' Mot. for Summary Judgment 6-8 (arguing that Synnex was not Fairchild's agent) [#212]. Nevertheless, Fairchild did not seek to

---

[2] Fairchild does not point to potential new evidence relating to the limited warranty issue.

depose these two employees or otherwise elicit the evidence it now suggests is significant. This conduct does not suggest due diligence.

Even if Fairchild did exercise due diligence in earlier stages of litigation, the proffered evidence is not sufficiently material to the question of apparent authority to justify unsettling the law of the case. Apparent authority is determined based on the "words or conduct of the principal, not the agent, and exists only when the third party's belief that the putative agent is authorized to act on behalf of the principal is reasonable." Solberg v. Borden Light Marina, Inc., 2014 WL 4245987 at *3 (D. Mass. Aug. 25, 2014). See also Sheinkopf v. Stone, 927 F.2d 1259, 1269 (1st Cir. 1991) ("It is a fundamental rule that apparent authority cannot be established by the putative agent's own words or conduct, but only by the principal.") (quoting Sheldon v. First Fed. Savings & Loan Ass'n, 566 F.2d 805, 808 (1st Cir. 1977)). A third party's belief must be "traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03; CSX Transp., Inc. v. Recovery Express, Inc., 415 F.Supp.2d 6, 10 (D. Mass. 2006).

Applying agency law, the trial court found Synnex had apparent authority based on Fairchild's "words and conduct" and further found that AcBel's belief was reasonable based on that conduct. AcBel, 2017 WL 6625036 at *10. The court anchored its decision on Fairchild's references to AcBel as a customer, Fairchild's direct negotiation of KA7805 prices with AcBel, including in meetings where Synnex was present and was not authorized to offer prices of its own, and Fairchild's failure to correct AcBel's stated belief that Synnex was its agent. Id. Since Fairchild did not take "appropriate steps" to "destroy the lingering appearance of authority," Restatement (Third) of Agency § 3.11 note (e), the court held that Synnex had apparent authority. AcBel, 2017 WL 6625036 at *10. Although the original trial court did cite Synnex's actions to augment its finding on apparent authority, it did not base its finding on these facts. Id.

5

Thus, even if Fairchild produces evidence as to Synnex's actions that show the original trial court was incorrect in its accounting of Synnex's words and actions, the proffered evidence does not change the actual basis for the court's holding: Fairchild's own words and conduct.

III.  Conclusion

Accordingly, for the above reasons, AcBel's Motion in Limine [#431] is ALLOWED.

IT IS SO ORDERED.

December 24, 2019 /s/ Indira Talwani
United States District Judge