UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACBEL POLYTECH INC., individually and as an assignee of certain claims, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:13-cv-13046-IT |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 23, 2020

TALWANI, D.J.

Before the court is Defendants' <u>Motion to Compel</u> [#411]. For the following reasons, the <u>Motion to Compel</u> [#411] is ALLOWED IN PART and DENIED IN PART.

I. <u>Procedural History</u>

Plaintiff AcBel Polytech Inc. ("AcBel") asserted several claims against Defendants Fairchild Semiconductor International, Inc., and Fairchild Semiconductor Corporation (collectively, "Fairchild"), alleging that Fairchild's KA7805 voltage regulators ("KA7805s" or "M7s") failed, causing AcBel's power supply units to fail and therefore causing economic injury to AcBel and its assignee, EMC Corp. ("EMC").

A) *Original Trial Court Proceedings*

After discovery closed, Fairchild filed a Motion for Summary Judgment. Several days after the court's hearing on the summary judgment motion, AcBel produced documents (the "Late Documents") that had not been previously produced. Defs. Mot. for Sanctions, Including

Dismissal [#252].[1] Fairchild sought dismissal of Plaintiff's claims as a sanction, or, in the alternative, for the trial court to permit Fairchild to depose or re-depose appropriate witnesses and supplement expert disclosures. Id. at 1-2. Fairchild stated that, in its preliminary review of the Late Documents, it had identified novel issues that necessitated further discovery. Second Supp. Aff. of Matthew Iverson in Support of Mot. for Sanctions [#270]. Specifically, Fairchild identified AcBel's soldering process as a key issue identified in the Late Documents. Id. ¶¶ 7-8 [#270]. In a subsequent affidavit, Fairchild also identified late-produced emails between David Wang and AcBel president David Kao discussing the voltage regulator failures. Third Supp. Aff. of Matthew Iverson in Support of Mot. for Sanctions ¶ 7 [#272].

The trial court denied Fairchild's motion for sanctions but granted its motion for summary judgment on all claims except for four claims alleging breach of implied warranties. Memorandum and Order 33-34 [#280]; Electronic Order [#280] (denying Motion for Sanctions [#252] without comment). In a subsequent bench trial, the court entered judgment for Fairchild on the four remaining claims. Memorandum and Decision 27 [#369].

B) *Proceedings in the Court of Appeals*

AcBel appealed the judgment and underlying orders. Notice of Appeal [#372]. Fairchild cross-appealed the denial of the motion for sanctions, Notice of Cross Appeal [#378], and argued in the court of appeals for leave to conduct additional discovery connected to the Late Documents. Br. of Defendants-Appellants/Third Party Appellees 58-60, AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., et al., 1:18-1088 (1st Cir.) (requesting additional depositions and amendment of expert disclosures); Reply Br. of Defendants-Appellants/Third Party

---

[1] Fairchild states that the disclosure included over 600,000 pages of documents. Defs.' Mot. for Sanctions Including Dismissal [#252]. AcBel states that many pages were duplicates and that the disclosure was around 110,000 documents. Pl.'s Opp'n to Mot. to Compel 1 [#415].

Appellees 7, AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., et al., 1:18-1088 (1st Cir.) (requesting additional document discovery before new depositions).

On appeal, the First Circuit vacated the trial court's dismissal of AcBel's claims of 1) breach of implied warranty of merchantability; 2) fraud; 3) fraud by omission; and 4) negligent misrepresentation; and remanded the case for a new trial on these issues. AcBel Polytech v. Fairchild Semiconductor Int'l, Inc., 928 F.3d 110, 114, 127 (1st Cir. 2019). The court granted Fairchild's cross-appeal as to additional discovery connected to the Late Documents, stating that after "[w]eighing the equities and in light of the possibility that discovery related to issues or leads suggested by the late produced documents will lead to evidence relevant to the remanded claims, we instruct the trial court to reopen discovery *exclusively for purposes of Fairchild's discovery of evidence strictly related to AcBel's late-produced documents*." Id. at 127-28 (emphasis added).

    C)  *Discovery on Remand*

Following remand, Fairchild served 17 document requests ("New Document Requests") on AcBel. Revised Supplemental Document Requests, Ex. D (Kurtz Aff.) [#413-4]; see also Joint Report on Document Requests, Ex. A (Kurtz Aff.) [#413-1]. After receiving AcBel's responses, Fairchild filed the pending motion. Defs. Mot. to Compel [#411]. Following briefing that narrowed the issues, and as instructed by the court, Fairchild filed a chart clarifying its remaining requests. Document Request Chart [#447]. As represented in the chart, Fairchild now seeks to compel:

    1) Production of documents related to SMT soldering examinations, qualification and training at the Dongguan facility;

    2) Manuals for AcBel's soldering equipment; and

3) Inclusion of the search term "disaster!" or "epidemic!" when searching for relevant electronically stored information related to AcBel employee David Wang.

II. Analysis

Under the federal rules, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When determining proportional value of requested information, the court must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

In this case, the court must also consider whether the material requested is "strictly related" to AcBel's Late Documents and the remanded claims, as dictated in the First Circuit's decision and this court's instructions to the parties. 928 F.3d at 127-28. See also Tr. Sched. Conf. 15:21-25 (Oct. 2, 2019) (instructing parties to tie requests to Late Documents that "raised an issue that wasn't raised before") [#408].

A) *SMT Soldering Examinations*

Fairchild first seeks to compel documents requested in New Document Request 12 related to SMT soldering examinations carried out at the Dongguan factory where the KA7805s were manufactured, as well as documents discussing the SMT soldering examinations.[2] Fairchild cites two Late Documents as the impetus for its request: a 2009 PowerPoint presentation titled

---

[2] Fairchild summarizes that it also seeks to compel "documents discussing soldering qualification and training" at the Dongguan facility. Document Request Chart 1 [#447]. This wording is broader than New Document Request No. 12 itself, which sought "[a]ll documents or communications concerning soldering-related skill performance examinations provided during the period between January 1, 2008, and January 1, 2012, including copies of the exams themselves, the grading criteria used for those exams, the results of those exams, any summaries or discussions of those results, including any expectations regarding those results."

4

"C6 Poor Solder Issue," identifying poor performance in hand soldering examinations, and a document titled "Philips Audit/Assessment Summary & Action Plan" ("Philips Audit"), which was created for Philips, an AcBel customer, and which discusses temperature control issues on soldering equipment. Exs. K, L (Kurtz Aff.) [#413-11, #413-12]. Fairchild also identifies emails contained in the Late Documents purportedly related to the request. Exs, M, N (Kurtz Aff.) [#413-13, #413-14].

The First Circuit underscored the relevance of soldering examinations in noting that the court's "own review of the record reveals that AcBel's internal documents reflect that 80% of its employees, including engineers, failed their soldering skill performance examinations in 2008" and finding that this evidence, "considered in tandem with EMC's heightened failure rates in comparison with other sources, raises serious questions as to whether AcBel's soldering practices caused the KA7805 failures." AcBel, 928 F.3d at 121 n. 15. However, Fairchild has not provided any Late Documents that suggest reopened discovery on the subject is warranted. The 2009 PowerPoint presentation discusses examinations for employees at other facilities, performing hand soldering, not the machine soldering at issue here. The Exhibit M emails discuss problems with wave soldering, also a different soldering process. The Exhibit N emails discuss issues with solder fill used by AcBel on a different product. Both sets of emails are unrelated to the question of soldering examinations. Similarly, the Philips Audit discusses an issue with soldering equipment, but is unrelated to the question of soldering examinations. Therefore, Fairchild's request is not "strictly related" to the Late Documents. Accordingly, the court denies Fairchild's request to compel SMT Soldering Examinations and related documents.

  B) *Soldering Equipment Manuals*

Fairchild also seeks to compel production of manuals for the soldering equipment used

by AcBel employees in Dongguan.³ Fairchild relates their request to the Late Document titled "Cisco Power Supply Supplier Audit," which looked into issues with soldering equipment at an AcBel factory in Tamsui, Taiwan, on behalf of another AcBel customer, Cisco, and which discussed issues with calibration of soldering equipment. Ex. O (Kurtz Aff.) [#413-15]. Fairchild also cited the aforementioned Philips Audit. Ex. L (Kurtz Aff.) [#413-12].

Here, the court will compel production of the soldering equipment manuals as they appear to directly relate to possible calibration issues with SMT soldering equipment that Fairchild discovered as a result of a late document, the Philips Audit. Ex. L (Kurtz Aff.) [#413-12]. The manuals fall into the category of discoverable documents that strictly relate to the Late Documents and that, therefore, fall within the permissible post-remand discovery. Furthermore, the court rejects AcBel's objection to this request, namely that Fairchild can obtain the instructions outside of the discovery process. Pl.'s Opp'n to Mot. to Compel 12 [#415]. There is no evidence that the operating instructions for these pieces of equipment are equally available to Fairchild. Accordingly, the court will compel production of operating manuals of soldering equipment used in the Dongguan facility.

### C) David Wang Communications

Lastly, Fairchild seeks to compel AcBel's use of the terms "epidemic!" and "disaster!"⁴

---

³ New Document Request No. 13 sought "[a]ll documents concerning the Soldering Equipment used to assemble PSUs during the period between January 1, 2008, and January 1, 2012, including set-up and operating instructions, stencil printer setup procedures, reflow oven calibration and maintenance records, as well as documents sufficient to identify the equipment's manufacturer, model, and date acquired."

⁴ The inclusion of an exclamation mark in a search term allows a search program to find terms with different endings or suffixes, such as "failing" or "failure" or "fails."

6

in the search of AcBel employee David Wang's communications. Defs.' Mem. 14-15 [#412].[5] The parties have already agreed to a search for documents that pair David Wang's name with at least one of the following search terms: "Fairchild"; "M7"; KA7805!"; "solder!"; "Katina"; "EMC"; "shrink"; or "shrunk". Pl.'s Mem. 13 [#412].

In its filing with the original trial court, Fairchild identified David Wang as a person of interest based on AcBel's Late Documents. Third Supp. Aff. of Matthew Iverson in Support of Mot. for Sanctions ¶ 7 [#272]. However, Fairchild does not offer a convincing argument why emails that contain "disaster!" or "epidemic!" but <u>do not</u> contain any of the other eight terms are likely to be relevant to the alleged failures at issue here. Balancing Fairchild's ability to access appropriately discoverable material with the financial burden of further production, see Fed. R. Civ. P. 26(a), the court declines to compel AcBel to conduct a further search using the terms "epidemic!" and "disaster!"

III.  Conclusion

Accordingly, for the aforementioned reasons, Fairchild's MOTION TO COMPEL [#411] is ALLOWED IN PART and DENIED IN PART. AcBel is ordered to produce the requested operating manuals for SMT soldering equipment used in the Dongguan factory within two weeks of this Order. The Motion is otherwise denied.

IT IS SO ORDERED.

January 23, 2020            /s/ Indira Talwani
                            United States District Judge

---

[5] New Document Request No. 15 sought "[a]ll communications to or from David Wang concerning the PSU, the M7 voltage regulator, the Defendants, EMC, quality issues or quality control, the Thermal Event, soldering, or any of the issues referenced in document AcBel037960. New Document Request No. 16 sought "[a]ll documents authored by or provided to David Wang that concern the PSU, the M7 voltage regulator, the Defendants, EMC, quality issues or qualify control, the Thermal Event, soldering, or any of the issues referenced in AcBel037960.