UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACBEL POLYTECH INC., individually and as an assignee of certain claims, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:13-cv-13046-IT |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., and FAIRCHILD SEMICONDUCTOR CORPORATION, | * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

April 10, 2020

TALWANI, D.J.

This case is before the court following a trial, an appeal to the First Circuit, and remand. Plaintiff AcBel Polytech Inc. ("AcBel") has filed a Motion to Compel [#459] seeking production of a report (the "ISE Report") commissioned by Defendants Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") prior to the first trial. AcBel asserts that Fairchild's experts relied on the ISE Report in preparing their supplemental expert reports and argues that, pursuant to Fed. R. Civ. P. 26(b)(4)(C)(ii), the report should be produced. Fairchild opposes the motion, contending that Judge Casper denied AcBel's request for the ISE Report during the first trial. Fairchild asserts further that its experts are relying on many of Judge Casper's findings to support their opinions on causation, and not on the ISE Report. Fairchild also requests that if the court does not deny AcBel's motion, the court provide "guidance as to which of Judge Casper's findings the parties may re-litigate and which the parties may not, as that distinction will impact expert disclosures, trial preparation,

witness and evidence designation, and the length of trial." Defs' Opp'n to Mot. to Compel at 2 [#462]. For the following reasons, Plaintiff's Motion to Compel [#459] is ALLOWED in part and DENIED in part, and Fairchild's REQUEST for guidance is ALLOWED.

I. Procedural History Relevant to this Motion

A. Background

In this action, AcBel alleged that Fairchild's KA7805 voltage regulators ("KA7805s") failed, causing AcBel's power supply units to fail and therefore causing economic injury to AcBel and its assignee, EMC Corp. ("EMC").

During discovery, Fairchild compelled production of 1,995 voltage regulators from AcBel and provided them to ISE Labs Inc. to test and to prepare a report based on those tests. See Order [#130] (ordering production of voltage regulators); Protocol [#318-1] (establishing testing procedures). In the Protocol, the parties agreed that "[a]ny work product generated by the Consultant . . . shall not be discoverable except as provided by the Federal Rules of Civil Procedure or other applicable rules." Protocol ¶ 4.2 [#318-1].

Following discovery, the trial court granted in part and denied in part Fairchild's motion for summary judgment and denied Fairchild's motion for sanctions based on AcBel's late production of certain documents. Elec. Order [#280] (denying Motion for Sanctions [#252] without comment); Memorandum and Order [#280].[1]

Meanwhile, Fairchild's trial expert, Dr. Richard Fair, received a copy of the ISE Report and referenced it in his expert report. Fair Report ¶ 102-106 [#304-2]. Fairchild produced Fair's

---

[1] Both of these orders were successfully challenged on appeal but are not relevant to the instant dispute. The appeal of the sanction motion resulted in limited fact discovery on remand. See Mem. & Order [#455].

2

expert report to AcBel on or about June 3, 2016. Defs' Opp'n to Mot. to Compel 2 [#462].
Fairchild did not provide AcBel with a copy of the ISE Report, and AcBel did not seek to compel it at that time.

Judge Casper presided over the bench trial. Before Dr. Fair testified, AcBel raised an objection to a "chalk" slide that included information from the ISE Report and to Fair's testimony that might cite the ISE Report because the ISE Report had not been provided to AcBel. Trial Tr. (June 27, 2017) at 7-4:13-17 [#358]. Judge Casper denied AcBel's objection, stating that AcBel had notice of the ISE Report. Id. at 7-7:1-6; 7-114:3-9.

Following the bench trial, Judge Casper issued a Memorandum of Decision [#369] that explicitly referenced the ISE testing in two of 174 findings of fact. Id. at 17-18.[2] The court reached the following conclusions of law as to Plaintiff's claim that Fairchild breached the implied warranty of merchantability: (1) that FSC subsidiaries were Defendants' agents and that Synnex was FSC Hong Kong's agent; (2) that Fairchild's Limited Warranty did not bar AcBel's claims; and (3) that Defendants did not breach the implied warranty of merchantability. Id. at 19-26.[3] Accordingly, the court dismissed AcBel's remaining claims. AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc., 2017 WL 6625036 at *12 (D. Mass. Dec. 27, 2017).

On appeal, AcBel argued that the trial court's analysis on the breach of the implied warranty of merchantability was legally flawed. AcBel Polytech, Inc. v. Fairchild Semiconductor

---

[2] "114. FSC had ISE testing done on the 1,995 returned VRs, except for 322 VRs that were too damaged to test. 115. 1,124 of those produced VRs failed the HAST and LTOL testing (70%), but they all displayed a different failure mechanism than those that failed in the field." Mem. of Decision 17-18 (internal citations to the trial transcript omitted) [#369].

[3] The trial court also made conclusions of law as to AcBel's claims of breach of the implied warranty of fitness for a particular purpose. Mem. of Decision 26-27 [#369]. AcBel did not appeal the dismissal of these claims. Br. of Plaintiff-Appellant/Cross-Appellee, Nos. 18-1088, 18-1121, 2018 WL 2016243 (1st Cir. Apr. 9, 2018).

Int'l, Inc., 928 F.3d 110, 116 (1st Cir. 2019). In response, Defendants first challenged the trial court's determination that Defendants were liable for the acts of the FSC subsidiaries. Id. at 116-117. Here, the First Circuit found the trial court correctly decided the subsidiary issue, affirming the trial court's conclusion that Fairchild manufactured and sold the shrunk-die KA7805s and noting further "that Fairchild accepts the district court's factual findings, which reveal the high degree of control Fairchild actually exercised over its subsidiaries." Id. at 118.[4] The First Circuit thus concluded that AcBel met the first element of the implied warranty of merchantability test for purposes of liability. Id.

The First Circuit rejected the trial court's finding as to the remaining three elements of the implied warranty of merchantability, and remanded for a new trial, specifically directing the trial court to determine: "whether the shrunk-die KA7805 had a defect or unreasonably dangerous condition that rendered it not suitable for the ordinary use for which it was sold; whether AcBel and EMC were using the shrunk-die KA7805 in a manner that Fairchild intended or could have reasonably foreseen; and whether a defect or unreasonably defective condition of the shrunk-die KA 7805 constituted the legal cause of AcBel's and EMC's injury." Id. at 121.

The First Circuit also granted Fairchild's cross-appeal of the trial court's Order denying sanctions insofar as it sought additional discovery upon remand. Id. at 127-128. The First Circuit instructed the trial court "to reopen discovery exclusively for purposes of Fairchild's discovery of evidence strictly related to AcBel's late-produced documents." Id.

B. Proceedings on Remand

On remand and reassignment to this session, the court directed the parties to identify the

---

[4] The First Circuit also noted that Defendants had not challenged the FSC Hong Kong-Synnex agency relationship. Id. at 116 n.6.

findings of fact set forth in Judge Casper's Memorandum of Decision [#369] to which the parties now stipulated. See Elec. Clerk's Notes [#401]. The parties stipulated to just eight findings of fact. Stipulation [#406]. The parties also filed a proposed scheduling order including dates for supplemental expert disclosures and depositions "concerning soldering." Proposed Scheduling Order [#404]. The court adopted the proposed supplemental expert disclosure and deposition dates. Elec. Order [#446].[5]

AcBel subsequently filed a Motion in Limine [#431], asking the court to preclude Fairchild from offering evidence or arguing that Fairchild did not manufacture or sell the shrunk-die KA7805 voltage regulators at issue in this case, and offering evidence or arguing there is a limited warranty that applies to AcBel's claims. That motion and the court's order on the motion is discussed further below.

II. The Pending Dispute

A. Fairchild's Request for Guidance

The court begins by addressing Fairchild's request for guidance, before turning back to AcBel's Motion to Compel [#459]. The First Circuit disagreed with certain conclusions of law made by the trial court. In remanding AcBel's claim of a breach of the implied warranty of merchantability for trial, the appeals court specifically directed this court to determine: 1) whether the shrunk-die KA7805 had a defect or unreasonably dangerous condition that rendered it not suitable for the ordinary use for which it was sold, 2) whether AcBel and EMC were using the shrunk-die KA7805 in a manner that Fairchild intended or could have reasonably foreseen, and 3) whether a defect or unreasonably defective condition of the shrunk-die KA7805

---

[5] The court recently extended the deadline for completion of expert depositions to May 15, 2020, in light of the COVID-19 pandemic. Elec. Order [#472].

constituted the legal cause of AcBel's and EMC's injury. AcBel, 928 F.3d at 121. Thus, the parties may not rely on Judge Casper's findings of fact (except where the parties have stipulated to such facts) for purposes of the second trial, and the court will need to consider the parties' evidence at trial anew. See AcBel, 928 F.3d at 121 ("The inconclusive nature of the district court's findings coupled with the absence of a causation analysis . . . counsels us against making a final determination. . . With the benefit of the guidance set out above as to the proper inquiry to be performed . . . we believe the district court is in an improved position to evaluate the parties' arguments and evidence"). See also State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1577 (Fed. Cir. 1991) ("this is not a case in which findings of fact were left undisturbed . . . The trial court's subsidiary findings can hardly be the law of the case when the judgment based on those findings was 'vacated' and the court was explicitly directed to 'reconsider' its decision"). Therefore, the court adopts only those prior findings of fact to which the parties have stipulated.

This guidance does not contradict this court's order in response to AcBel's recent Motion in Limine [#431]. Mem. & Order [#448]. There, Fairchild sought to relitigate the factual record underlying the trial court's legal conclusions related to questions of agency and limited warranty. The First Circuit importantly did not disturb Judge Casper's conclusions of law on either issue nor did it direct this court to reconsider them. See Latin Am. Music Co. Inc. v. Media Power Grp., Inc., 705 F.3d 34, 40 (1st Cir. 2013) ("[U]nless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation.") (quoting Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 25 (1st Cir. 1997) (emphasis added). The court allowed AcBel's motion, explaining that Judge Casper's findings that Synnex acted on apparent authority and therefore was Fairchild's agent when selling the KA7805s and that there was no limited warranty between AcBel and Fairchild were

6

law of the case. Mem. & Order [#448]; see also Hr'g Tr. (Dec. 19, 2020) at 5:14-7:13 [#452] (stating the issues that were the subject of the motion in limine were "closed off"). In contrast, the dispute that will be tried in this session concerns those matters where the First Circuit has disturbed Judge Casper's conclusions of law, and remanded the case for trial on these issues.

    B. AcBel's Motion to Compel [#459]

AcBel asserts first that it is entitled to the ISE Report because Fairchild provided it to Fairchild's expert Dr. Richard Fair and he considered the ISE Report in preparing his original report. Fairchild responds that the trial judge rejected AcBel's efforts to preclude Fairchild from presenting a chalk relating to the ISE testing and to preclude Dr. Fair from testifying as to the ISE testing and AcBel may not relitigate that ruling.

Fairchild has presented no authority to suggest that this court is bound by Judge Casper's rulings on objections raised during the first trial and the court knows of none. What evidence may be admitted at trial turns on numerous factors, including what foundation has been offered for the evidence, what evidence has already been admitted, and whether the proffered evidence is cumulative.

Although the court thus is not bound by Judge Casper's ruling on AcBel's trial objection, the court sees no reason to diverge from that ruling assuming no change in the record. Judge Casper overruled AcBel's objection because AcBel was on notice that Dr. Fair relied on the ISE Report for his original report and did not raise the issue at that time. See Trial Tr. (June 27, 2017) at 7-7:1-6; 7-114:3-9 [#358]. This court likewise finds that, to the extent that Fairchild seeks only to introduce Dr. Fair's testimony limited to his original expert report, the motion to compel is untimely.

AcBel asserts further that Fairchild's two new experts, Dr. Ronald Lasky and Dr. Mark

7

DeYong rely on the conclusions of the ISE Report in their supplemental reports and may rely on those conclusions at trial. Pl's Reply in Support of Mot. to Compel 2 [#466]; Pl's Mem. in Support of Mot. to Compel 1 [#460]. Fairchild responds that its experts have not relied on the ISE Report, and instead rely on and cite only Judge Casper's findings of fact. Defs' Sur-Reply in Opp'n to Mot. to Compel 1 [#470]; Defs' Opp'n to Mot. to Compel 4, n.1 [#462]. Under Fed. R. Civ. P. 26(b)(4)(C)(ii), a party must produce communications between the party's attorney and any expert witness where the communications "identify facts or data that the party's attorney provided and the expert considered in forming the opinions to be expressed." Accordingly, the relevant test is not whether the expert relied on or cited the report, but whether the expert "considered the report in forming the opinions to be expressed." If neither expert considered the ISE Report, the disclosure rule does not apply. That said, the court anticipates that expert testimony based on the findings of fact of the previous trial court (which unless stipulated to are not in evidence in the second trial) or that relies on Dr. Fair's expert report, without considering the validity or limits of the underlying ISE Report, will be of limited value to the court.

Assuming that Dr. Fair has supplemented his report or Fairchild's new experts have considered the ISE Report in forming their opinions, the court turns to Fairchild's further argument that the ISE Report is protected by the work product doctrine. However, Rule 26(b)(4) does not make an exception for documents claimed to be work product. See Trs. of Boston Univ. v. Lite-On, Inc., 2015 WL 13679784 at *3 (D. Mass. Oct. 20, 2015); Clark v. Edison, 2010 WL 3245428 at *3 (D. Mass. Aug. 16, 2010). Accordingly, Fairchild is not entitled to withhold the report by claiming it is work product.

III. Conclusion

Accordingly, for the reasons stated above, AcBel's Motion to Compel [#459] is

ALLOWED in part and DENIED in part. To the extent that Dr. Fair did not supplement his expert report, and Fairchild's supplemental experts have not considered the ISE Report in forming opinions expressed in their expert reports or opinions to be expressed at trial, the motion is DENIED. To the extent that Fairchild has supplemented Dr. Fair's report or either or both of Fairchild's supplemental experts have considered the ISE Report when preparing supplemental expert reports or in forming the opinions to be expressed at trial, the motion to compel is ALLOWED.

Fairchild shall promptly file a notice informing the court: (1) whether Dr. Fair has supplemented his report; (2) whether Dr. Mark DeYong considered the ISE Report in preparing his supplemental expert report or in forming his opinions to be expressed at trial; and (3) whether Dr. Ronald Lasky considered the ISE Report in preparing his supplemental expert report or in forming his opinions to be expressed at trial. The court further orders that, except where the parties have stipulated to such facts, the parties may not rely on the prior findings of fact to prove or disprove the elements of the causes of action that remain to be addressed on remand.

IT IS SO ORDERED.

April 10, 2020 /s/ Indira Talwani
United States District Judge